IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY BRETT GREGORY, )
No. 57012-019, and )
FLORIDA UCC, INC., )
                                  )
         Plaintiffs, )
                                  )
    vs. )     Case No. 13-cv-01124-MJR
                                  )
TONY CHAMNESS, )
JEFF BANEY, )
WEASEL BRADLEY, )
WENDY J. ROAL, )
AMBER L. NELSON, )
HARRELL WATTS, and )
HARRY LAPPIN, )
                                  )
         Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Johnny Brett Gregory is an inmate in the custody of the U.S. Bureau of Prisons, housed at the Englewood Federal Correctional Institution in Littleton, Colorado. Plaintiff filed this civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), regarding incidents that occurred while he was housed at the U.S. Penitentiary in Marion, Illinois. Gregory also brings suit on behalf of "Florida UCC, Inc."

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in 2009, while Plaintiff was incarcerated at the Federal Correctional Institution in Jesup, Georgia, he lodged a civil rights action against various state officials and, under the Uniform Commercial Code ("UCC"), Plaintiff filed a lien and

financing statement encumbering their property. Approximately one month later, Planitiff was transferred to USP-Marion. Marion officials placed Plaintiff in the Special Housing Unit pending an investigation regarding whether Plaintiff violated prison regulations by filing the UCC lien and financing statement. Plaintiff filed suit. Prison officials subsequently found Plaintiff guilty of an extortion-related offense. Plaintiff contends that Warden Wendy Roal was retaliating against him for suing the white state officials. From Plaintiff's perspective, that same retaliatory thread runs through the events that underlie this present civil rights action.

In January 2012, when Plaintiff asked Unit Manager Chamness to make copies of various legal documents, Chamness snapped at Plaintiff and told him that that was not his job or problem and Plaintiff should ask Counselor Bradley. Chamness commented, "You all think that since you have a black captain, things will change here." Plaintiff thought Chamness was going to attack him. Plaintiff contends that Chamness used abusive language and was aggressive—all in violation of prison regulations. Plaintiff filed an administrative grievance against Chamness, which Camp Administrator Baney wanted to "discuss" with Plaintiff.

Just after Plaintiff's confrontation with Chamness, Warden Roal posted a policy prohibiting inmates from obtaining, possession or creating UCC financing statements and similar forms, and from possessing documents containing unauthorized personal information. Chamness subsequently questioned Plaintiff about his 2009 action against the Georgia officials. Chamness also questioned Plaintiff's motivation in filing a grievance against him. Chamness then became aggressive, coming across a desk and grabbing Plaintiff's shirt. Plaintiff pulled away and went to Counselor Bradley, begging for protection. Bradley said that he could not do anything because Chamness was his boss; Plaintiff would have to tell C/O Rueling. No action was taken against Chamness; rather, Plaintiff was placed in the Special Housing Unit after the altercation.

Plaintiff was eventually transferred to FCI-Englewood, which is a more restrictive facility than the Marion Camp.

Plaintiff filed an administrative grievance regarding the Chamness incident. Warden Roal responded by explaining that the administrative matter was referred to the appropriate personnel for disposition. Dissatisfied, Plaintiff appealed and received a similar response from Regional Director Nelson. The appeal was pursued to the Office of General Counsel, where Administrator Watts responded in a similar fashion.

Plaintiff contends that Bureau of Prisons Director Lappin, along with Watts, Nelson, Roal, Baney, and Bradley, conspired to cover-up Chamness's bias and physical assault, thereby demonstrating deliberate indifference and violating Bureau of Prisons policy against unethical conduct.

Plaintiff's *Bivens* action asserts four counts, some of which contain multiple claims. The Court construes the pro se complaint as asserting the following six counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1: Defendant Chamness used offensive bodily contact against Plaintiff without provocation or justification, in violation of the Eighth Amendment;**
>
> **Count 2: Defendants Lappin, Watts, Nelson, Roal, Baney and Bradley conspired to cover-up Chamness's bias and assault against Plaintiff, thereby exhibiting deliberate indifference and violating Bureau of Prisons policy against unethical conduct;**
>
> **Count 3: Defendants Lappin, Watts, Nelson, Roal, Baney and Bradley were aware though grievances that Chamness was unfit for duty, but they failed to safeguard Plaintiff and others, in violation of the Eighth Amendment;**

> **Count 4:** In violation of the First Amendment, all Defendants acted with retaliatory motives—stemming from Plaintiff's civil litigation and/or his administrative grievances;
>
> **Count 5:** Defendant Chamness violated prison regulations when he used abusive, racist language, in violation of the Fourteenth Amendment;
>
> **Count 6:** Defendant Roal violated Plaintiff's First Amendment right by banning the possession of certain UCC materials.

## Discussion

### Florida UCC, Inc.

As a preliminary matter, Plaintiff cannot bring suit on behalf of "Florida UCC, Inc." Plaintiff Gregory is proceeding *pro se* and he has moved for pauper status based on his own lack of funds (*see* Doc. 2). Gregory is not an attorney. Federal Rule of Civil Procedure 11(a) requires each party or his attorney to sign the complaint and all other pleadings. Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir.2008) ("corporations cannot appear *pro se*, and one *pro se* litigant cannot represent another") (citations omitted). Therefore, "Florida UCC, Inc." will be dismissed as a plaintiff/interested party.

### Count 1

Count 1 alleges that Unit Manager Chamness used offensive bodily contact against Plaintiff, without provocation or justification. This claim is premised upon Chamness grabbing Plaintiff by the shirt.

The Eighth Amendment prohibits cruel and unusual punishment. As the Supreme Court noted in *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and

punishment grossly disproportionate to the severity of the crime. *Id*. (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action .... [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Grabbing Plaintiff's shirt, even without provocation or justification, qualifies as *de minimis* force, not rising to the level of an Eighth Amendment violation. Therefore, Count 1 will be dismissed with prejudice.

**Count 2**

Count 2 alleges that Defendants Lappin, Watts, Nelson, Roal, Baney and Bradley conspired to cover-up Chamness's bias and assault against Plaintiff, thereby exhibiting deliberate indifference and violating Bureau of Prisons policy against unethical conduct. The violation of a Bureau of Prisons policy does not, by itself, constitute a constitutional violation actionable under *Bivens*, which only permits suits for constitutional violations. *See generally BelBachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). Similarly, conspiracy is not an independent basis of liability. *See generally Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). Moreover, the deliberate indifference and conspiracy claims are conclusory and not sufficiently supported by allegations sufficient to satisfy the *Twombly* pleading standard. Therefore, Count 2 will be dismissed, albeit without prejudice.

**Count 3**

In Count 3 it is alleged that Defendants Lappin, Watts, Nelson, Roal, Baney and Bradley were aware though grievances that Chamness was "unfit for duty," but they failed to safeguard Plaintiff and others, in violation of the Eighth Amendment. Having dismissed Count 1 regarding Chamness allegedly having offensive bodily contact with Plaintiff, this claim begins to crumble. Mere name-calling and rude, boorish behavior does not violate the Eighth Amendment either. *See*, e.g., *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). This claim is otherwise too vague to support an Eighth Amendment claim that the prison officials failed to protect Plaintiff and others. It is unclear how Chamness is unfit for duty in a way that violates the Constitution. Consequently, Count 3 shall be dismissed without prejudice.

**Count 4**

Count 4 alleges that all Defendants acted with a retaliatory motive. The First Amendment does protect against retaliation for activity otherwise protected by the First Amendment, such as filing grievances and lawsuits. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). A retaliation claim may be based on a chronology of events from which retaliation can be plausibly inferred. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). Although Plaintiff has stated a chronology of events, the claim is otherwise based upon supposition upon supposition. Therefore, Count 4 will be dismissed without prejudice.

**Count 5**

Count 5 alleges that Unit Manager Chamness violated prison regulations when he used abusive, racist language, in violation of the Fourteenth Amendment—referring to Chamness's remark: "You all think that since you have a black captain, things will change here." Plaintiff's reference to the Fourteenth Amendment is presumably based on the Equal Protection Clause, imputing racial animus to Chamness. Obviously, the use of racial slurs can be evidence of racial animus. *DeWalt v. Carter*, 224 F.3d 607, 612 n. 3 (7th Cir.). However, "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *Id*. at 612. (citing *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987)). Chamness made that remark relative to Plaintiff's request that Chamness make copies, which is not a constitutional entitlement. As pleaded, this claim does not cross the line from the possible to the plausible, as required under *Twombly*. For these reasons, Count 5 is dismissed without prejudice.

**Count 6**

Count 6 alleges that Warden Roal violated the First Amendment by forbidding Plaintiff and other inmates from possessing of certain UCC materials. Inmates retain all First Amendment rights not incompatible with their status as prisoners, "or with the legitimate penological objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 832 (1974).

Roal's 2012 policy was not a complete ban on the possession of such material. Prisoners with a "legitimate reason" for possessing such materials were instructed to notify Unit staff (*see* Doc. 1, p. 8). Furthermore, Plaintiff's UCC materials were confiscated in 2011 by J.C. Wright based on a purported "Patriot Act violation" (*see* Doc. 1, p. 6), not Roals 2012 policy

posting. Therefore, Plaintiff has failed to state a claim against Warden Roal and Count 6 will be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff/Interested Party "Florida UCC, Inc." is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 6** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 2, 3, 4, and 5** are **DISMISSED** without prejudice and with leave to amend. On or before **December 27, 2013,** Plaintiff shall file an amended complaint stating a colorable constitutional claim, or this action will be dismissed with prejudice. Any amended complaint will be reviewed pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that, having dismissed all claims, Plaintiff's motion to have this case deemed complex (Doc. 6) and motion for recognition of his bond for fees and costs (Doc. 9) are both **DENIED**. Plaintiff should note that no bond is required.

Plaintiff is **ADVISED** that his motion for pauper status (Doc. 2) will be addressed by separate order. The Court is awaiting requested trust fund information from the prison.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2013**     s/ *Michael J. Reagan*
                               **MICHAEL J. REAGAN**
                               **UNITED STATES DISTRICT JUDGE**