IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY BRETT GREGORY, )<br>No. 57012-019, and )<br>FLORIDAUCC, INC., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TONY CHAMNESS, )<br>JEFF BANEY, )<br>WEASEL BRADLEY, )<br>WENDY J. ROAL, )<br>AMBER L. NELSON, )<br>HARRELL WATTS, and )<br>HARRY LAPPIN, )<br>)<br>Defendants. ) | Case No. 13-cv-01124-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This case is before the Court for docket control and to address a variety of pending motions.

## Procedural History

Plaintiff Johnny Brett Gregory is an inmate in the custody of the U.S. Bureau of Prisons, housed at the Englewood Federal Correctional Institution in Littleton, Colorado. On October 31, 2013, Plaintiff initiated this civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), regarding incidents that occurred while he was housed at the U.S. Penitentiary in Marion, Illinois. Gregory also brought suit on behalf of "Florida UCC, Inc."

The original complaint underwent preliminary review pursuant to 28 U.S.C. § 1915A (Doc. 11).  Of the six claims presented, two were dismissed with prejudice, and four were dismissed without prejudice.  FloridaUCC, Inc., was dismissed as a "plaintiff by visitation" or interested party.  Plaintiff was given an opportunity to file an amended complaint.  Plaintiff filed a motion seeking reconsideration of the order of dismissal (Docs. 14) and an amended complaint (Doc. 15).   Plaintiff also simultaneously filed an interlocutory appeal (Doc. 16).  The Court denied the motion for reconsideration (Doc. 19), allowing the appeal to move forward.  The appeal was dismissed when Plaintiff failed to pay the docketing fee (Doc. 26), which now permits the Court to return to the proposed amended complaint (Doc. 15), and other pending motions (Docs. 12, 23, 24, 25, 30).  Each motion will be addressed in turn.

**The Amended Complaint (Doc. 15)**

Plaintiff's amended complaint (Doc. 15) must undergo preliminary review pursuant to 18 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

In drafting the amended complaint, Plaintiff operated on the assumption that the Court's prior order dismissing all claims (Doc. 11) was "void" (*see* Doc. 15, p. 1).  Accordingly, Plaintiff attempts to add by interlineation state law claims for intentional infliction of emotional distress and civil conspiracy.  Consistent with Federal Rule of Civil Procedure 8, Local Rule 15.1 does not permit amendment by interlineation—piecemeal amendment.  Rather, all claims against all defendants must be contained in a single pleading.  Therefore, the amended complaint (Doc.

15) will be dismissed without prejudice and Plaintiff will be given an opportunity to file a second amended complaint.

**Motion for Service of Summons and the Complaint (Doc. 12)**

Having dismissed the original complaint and the amended complaint, there is nothing to be served upon any defendant at this time. Moreover, because Plaintiff has been granted pauper status (Doc. 13), if a viable second amended complaint is filed, service of summons and the complaint will automatically be handled by the Clerk of Court pursuant to 28 U.S.C. § 1915(d). For these reasons, Plaintiff's motion for service of summons and the complaint (Doc. 12) will be denied as moot.

**Motion for Reconsideration Pursuant to FED.R.CIV.P. 60(b)(1) (Doc. 23)**

While the interlocutory appeal was under consideration, Plaintiff filed a second motion seeking relief from the Court's December 2, 2013, order dismissing the original complaint on preliminary review (Doc. 23). Citing Federal Rules of Civil Procedure 52(a) and (c), Plaintiff argues that the Court made a mistake in dismissing the complaint. More specifically, Plaintiff contends the Court "rendered a judgment on partial findings" without making findings of fact and conclusions of law, as required under Rule 52.

The complaint was dismissed on preliminary review pursuant to 28 U.S.C. § 1915A, based solely on the complaint. Rule 52 pertains to when there is a bench trial. No findings of fact were made; rather, the complaint was construed in the light most favorable to Plaintiff. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The legal principles for dismissal were clearly stated. Therefore, Plaintiff's motion (Doc. 23) will be denied.

**Ex Parte Motion to Stay Appeal (Doc. 24)**

Plaintiff's motion to stay his interlocutory appeal (Doc. 24) was filed in the district court and the appellate court. The district court cannot stay an appeal. In any event, the appeal has been dismissed. The Clerk of Court shall strike the motion (Doc. 24).

**Motion for Judicial Notice (Doc. 25)**

Plaintiff moves for the Court to take judicial notice of "Judicial Bond, No. JBG-01-41813-B, dated December 27, 2013." The self-created "bond" for $32,000,000, bearing a seal in the form of a 1¢ stamp was filed in connection with Plaintiff's appeal. The appeal has been dismissed. Therefore, Plaintiff's motion for judicial notice of his "bond" (Doc. 25) will be dismissed as moot.

**Motion for Discovery (Doc. 30)**

Plaintiff moves to compel the named defendants to respond to discovery requests propounded on or about December 27, 2013 (Doc. 30). Because Plaintiff has yet to file a viable complaint, no defendants have been served. The Court has not authorized discovery to commence earlier than is authorized under Federal Rule of Civil Procedure 26(d). Consequently, Plaintiff's motion to compel (Doc. 30) will be denied as premature.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated the amended complaint (Doc. 15) is **DISMISSED without prejudice**. On or before **June 2, 2014**, Plaintiff shall file a second amended complaint, which shall then be subject to review pursuant to Section 1915A. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of the amended complaint and this action shall become a dismissal with prejudice and judgment shall be entered accordingly, closing this case.

   **IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff's motion for service of summons and the complaint (Doc. 12) is **DENIED as moot**.

   **IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff's motion for reconsideration pursuant to FED.R.CIV.P. 60(b)(1) (Doc. 23) is **DENIED**.

   **IT IS FURTHER ORDERED** that, for the reasons stated, the Clerk of Court shall **STRIKE** Plaintiff's ex parte motion to stay appeal (Doc. 24).

   **IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff's motion for judicial notice of his "bond" (Doc. 25) is **DISMISSED as moot**.

   **IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff's motion to compel (Doc. 30) is **DENIED as premature**.

   **IT IS SO ORDERED.**

   DATED:  May 14, 2014

                s/ *Michael J. Reagan*
                **MICHAEL J. REAGAN**
                **UNITED STATES DISTRICT JUDGE**