IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY BRETT GREGORY, | ) | |
| No. 57012-019, | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
|   vs. | ) | Case No. 13-cv-01124-MJR |
| | ) | |
| TONY CHAMNESS, | ) | |
| JEFF BANEY, | ) | |
| WEASEL BRADLEY, | ) | |
| WENDY J. ROAL, | ) | |
| AMBER L. NELSON, | ) | |
| HARRELL WATTS, and | ) | |
| HARRY LAPPIN, | ) | |
| | ) | |
|       **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Before the Court are Plaintiff Johnny Brett Gregory's Second Amended Complaint (Doc. 32) and a variety of related motions (Docs. 34-36).

### Procedural History

Plaintiff Gregory is an inmate in the custody of the United States Bureau of Prisons, housed at the Englewood Federal Correctional Institution in Littleton, Colorado. On October 31, 2013, Plaintiff initiated this civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), regarding incidents that occurred while he was housed at the U.S. Penitentiary in Marion, Illinois.

The original complaint underwent preliminary review pursuant to 28 U.S.C. § 1915A (Doc. 11). Of the six claims presented, two were dismissed with prejudice, and four were dismissed without prejudice—meaning that the Court perceived that they could be repleaded to

state colorable claims. Also, listed plaintiff FloridaUCC, Inc., was dismissed. Plaintiff was given an opportunity to file an amended complaint. Plaintiff filed a motion seeking reconsideration of the order of dismissal (Docs. 14) and an amended complaint (Doc. 15). Plaintiff also simultaneously filed an interlocutory appeal (Doc. 16). The Court denied the motion for reconsideration (Doc. 19), allowing the appeal to move forward. The appeal was dismissed when Plaintiff failed to pay the docketing fee (Doc. 26).

The Amended Complaint (Doc. 15) was dismissed without prejudice because Plaintiff had attempted to add state law claims by interlineation, in piecemeal fashion, in violation of Federal Rule of Civil Procedure 8 and Local Rule 15.1 (Doc. 31). Plaintiff granted leave to file a second amended complaint.

Plaintiff has now filed another amended complaint (Doc. 32), as well as:

- Ex Parte Motion for Reconsideration (Doc. 33), seeking to have the Court revisit: (1) his motion for service of summons and the complaint at government expense (Doc. 12), which was denied as premature, because service of a viable complaint would be at government of expense pursuant to 28 U.S.C. § 1915(d) (*see* Doc. 31); (2) his motion to stay appeal (Doc. 24), which was dismissed as moot once the appeal was dismissed (*see* Doc. 31); and (3) his motion for discovery (Doc. 30, which was denied as premature (*see* Doc. 31).

- Ex Parte Motion and Memorandum in Support of Second Amended Complaint (Doc. 34), emphasizing that Plaintiff's Second Amended Complaint (Doc. 32) abandons the *Bivens* claims previously asserted, and presents only state law claims.

- Ex Parte & Sua Sponte Motion for Jurisdictional Challenge (Doc. 35), which merely asserts that, pursuant to 28 U.S.C. § 1367, the Court can exercise supplemental jurisdiction over Plaintiff's state law claims.

- Ex Parte Motion for Partial Summary Judgment (Doc. 36), asserting that there are no factual disputes to preclude judgment in his favor and the award of $8 million in damages.

**The Second Amended Complaint (Doc. 32)**

Plaintiff's second amended complaint (Doc. 32) must undergo preliminary review pursuant to 18 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The Second Amended Complaint (Doc. 32), along with Plaintiff's Ex Parte Motion and Memorandum in Support of Second Amended Complaint (Doc. 34), and Ex Parte & Sua Sponte Motion for Jurisdictional Challenge (Doc. 35), make clear that Plaintiff Gregory has abandoned the constitutional claims his original complaint has asserted pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Rather, Plaintiff seeks to pursue *only* state law claims for intentional infliction of emotional distress and conspiracy, based upon the same basic factual scenario that underpinned his *Bivens* claims.[1]

Plaintiff relies upon 28 U.S.C. § 1367, which permits a federal district court to exert supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is the very reason why Plaintiff was granted leave to file a second amended complaint to add his state law claims to his potential *Bivens* claims. However, by abandoning his *Bivens* claims, Plaintiff has removed the basis for "original jurisdiction" over

---

[1] Even assuming diversity jurisdiction, and at the risk of offering an advisory opinion, the Court observes that the Federal Tort Claim Act, 28 U.S.C. §§ 2671-2680, is the exclusive remedy for tort claims against government employees acting within the scope of their employment, as is apparently asserted in the Second Amended Complaint (*see* Doc. 32, p. 6 ("ALL ACTS CARRIED OUT UNDER COLOR OF FEDERAL LAW")). *See also Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012); *Alexander v. United States*, 721 F.3d 418, 420 (7th Cir. 2013).

this action under Article III. Consequently, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims and the Second Amended Complaint (Doc. 32) must be dismissed. Dismissal shall be without prejudice for lack of jurisdiction.

This situation is unlike when a court dismisses all claims over which it had original jurisdiction and, under certain circumstances, may retain supplemental jurisdiction over remaining state law claims in a single complaint. *See* 28 U.S.C. § 1367(c); *Sharp Electronics Corp. v. Metropolitan Life Insurance Co.*, 578 F.3d 505, 524-15 (7th Cir. 2009). Here, Plaintiff abandoned—voluntarily dismissed—all his potential federal claims; the Second Amended Complaint is based solely upon state law claims. When Plaintiff's *Bivens* claims in the original complaint were dismissed without prejudice, the Court provided sufficient information to allow Plaintiff to re-plead viable claims (*see* Doc. 11), but Plaintiff opted to abandon those claims.

Because Plaintiff has already had three chances to file a viable complaint, and because he elected to voluntarily dismiss his potential federal claims, Plaintiff will not be given an opportunity to file a third amended complaint. [2]

This case will be closed and Plaintiff's pending motions will be denied as moot. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

---

[2] The fact that Plaintiff is not being afforded another opportunity to amend his pleading in this case should not surprise Plaintiff. The Court previously warned Plaintiff that if the (second) amended complaint failed to state a claim, this action would be dismissed with prejudice and judgment would be entered accordingly, closing this case (*see* Doc. 31, p. 4). The Court merely failed to anticipate that Plaintiff would take such an unexpected new tack, abandoning the basis for federal jurisdiction.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Second Amended Complaint (Doc. 32) is **DISMISSED without prejudice for lack of jurisdiction**, and all pending motions (Docs. 33-36) are **DENIED AS MOOT**.  Judgment will enter accordingly.

**IT IS SO ORDERED.**

**DATED:  November 17, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**