IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY BRETT GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-1124-MJR |
| | ) | |
| TONY CHAMNESS | ) | |
| JEFF BANEY, | ) | |
| WEASEL BRADELY, | ) | |
| WENDY J. ROAL, | ) | |
| AMBER L. NELSON, | ) | |
| HARRELL WATTS, and | ) | |
| HARLEY LAPPIN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**REAGAN, Chief District Judge:**

This matter comes before the Court on 2 motions: 1) a Motion for All Writs Act Under 28 U.S.C. § 1651(a), (Doc. 71); and 2) a Motion under the Federal Rule of Evidence/Declaratory Judgment. (Doc. 72). For the reasons explained below, Plaintiff's Motions are **DENIED**. Plaintiff is also ordered to **SHOW CAUSE** why he should not be sanctioned and a filing ban imposed.

### Procedural History

Plaintiff originally filed suit on October 31, 2013. (Doc. 1). On December 2, 2013, the Court dismissed some claims with prejudice and granted Plaintiff leave to amend on others. (Doc. 11). Plaintiff filed an Amended Complaint on December 16, 2013, (Doc. 15), and also appealed the order dismissing the other claims. (Doc. 16). Plaintiff also filed a "Motion to Take

1

Judicial Notice," which purported to underwrite this litigation with "this living principal's private exemption . . . all sums certain, and all obligations" in the amount of $32,000,000, apparently for the purpose of satisfying the filing fee demanded by the appellate court. (Doc. 25). His appeal was denied for failure to pay the filing fee on January 30, 2014. (Doc. 26). The Court dismissed the Amended Complaint on May 14, 2014 for failure to state a claim, but granted leave for Plaintiff to once again amend. (Doc. 31). That Order also denied Plaintiff's Motion to recognize the bond described in Doc. 25, on the grounds that the appeal was now moot. (Doc. 31). Plaintiff filed a Second Amended Complaint on May 30, 2014. (Doc. 32). He also filed a number of motions challenging the Court's earlier rulings. (Docs. 33-36). The Court dismissed the Second Amended Complaint, denied all pending motions, and entered judgment in this case on November 17, 2014. (Doc. 37).

Plaintiff then began filing a series of Motions to reconsider, *see e.g.*, Doc. 39, 41, 42, 46, 47, all of which the Court denied. (Doc. 40) (Doc. 42) (Doc. 48). Specifically, as to Doc. 47, which again raised the issue of the $32,000,000 bond, the Court noted that the bond was "self-created," found that its original denial of the motion seeking recognition for the bond was correct, and declined to revisit the issue. (Doc. 48, p. 3). The Court also specifically warned Plaintiff that if he continued to file frivolous motions, it would consider sanctions, including fines or civil contempt. *Id.* Plaintiff filed another Notice of Appeal on January 30, 2017. (Doc. 49). Despite the fact that the notice of appeal divested this Court of jurisdiction over matters related to this case, Plaintiff continued to file motions, including a Motion for Clarification, which was denied on February 10, 2017. (Doc. 56) (Doc. 57).

Plaintiff also filed another motion seeking recognition for his $32,000,000 bond, but the Court found that his Motion was more properly filed in the appellate court and entered an order

directing the clerk to transfer that motion to the Seventh Circuit on March 1, 2017. (Doc. 63). On April 6, 2017, Plaintiff's appeal was denied for failure to pay the required docketing fee. (Doc. 69). Plaintiff filed a Motion "for all Writs Act Under 28 U.S.C. § 1651(a) on June 27, 2017. (Doc. 71). He filed a second Motion "Under the Federal Rules of Evidence/Declaratory Judgment" on July 14, 2017. (Doc. 72).

## The Motions

Although docketed as a motion, Plaintiff's June 27 filing is actually entitled "All Writs Act under 28 U.S.C. § 1651(a) and Notice of Seizure of Gino J. Agnello Bond and Special Deposit into Court." (Doc. 71, p. 1). In the Motion, Plaintiff claims to be the beneficiary of an "irrevocable cetsui que trust." *Id.* He claims that the undersigned is the acting trustee, while the grantor is Gino J. Agnello, the Clerk of the Court for the Seventh Circuit. (Doc. 1, pp. 1-2). The amount of the trust is $32,000,000. (Doc. 1, p. 1). Plaintiff refers to "Exhibit A" and appears to be arguing that Agnello incurred the obligation to grant Plaintiff $32,000,000 when he refused to file several documents that Plaintiff submitted to the Seventh Circuit for filing, and when he refused to recognize that the "bond" satisfied Plaintiff's obligation to pay a filing fee. (Doc. 1, pp. 3, 8-23). The Motion asks the Court to compel Agnello to turn over the $32,000,000. (Doc. 71, p. 6).

Plaintiff's second motion addresses the alleged failure of Agueda Edith Valencia, an employee at La Tuna prison, Plaintiff's current institution, to notarize the Motion at Doc. 71. (Doc. 72). Plaintiff requests that Valencia pay his outstanding filing and docketing fee of $505. (Doc. 72, p. 2).

## Analysis

Although Plaintiff does not explicitly use these terms, Plaintiff's filings have the hallmarks of the sovereign citizen movement. As the Seventh Circuit has noted, sovereign citizens often make use of so-called "redemption theories," which hold that the federal government went bankrupt when it abandoned the gold standard in 1933 and began converting the physical bodies of citizens into assets, against which it could sell bonds. *See United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015). Plaintiff appears to be invoking this theory in his multiple attempts to get the Court to recognize his $32,000,000 bond. This theory is patently frivolous.

Plaintiff has not cited to any legal grounds that entitle him to demand that Agnello and Valencia pay him money. He cites to Fed. R. Civ. P. 67(a)(b), 28 U.S.C. §§ 2041, 2042, but those rules and statutes merely govern when money can be paid in and out to the district court. He has also cited to 28 U.S.C. § 953 and Fed. R. Civ. P. 77, but those rules and statutes govern certain obligations of clerks of courts. They do not stand for the proposition that a plaintiff may pursue a remedy against a clerk for failure to file documents, and even if they did, that is not the subject matter of this proceeding. Plaintiff also cites to the All Writs Act, 28 U.S.C. § 1651(a), which allows the Court to issue "all Writs necessary and appropriate in aid of their respective jurisdictions." The All Writs Act is to be used "sparingly" and only in circumstances where it is "1) necessary or appropriate in aid of jurisdiction; and 2) the legal rights at issue are indisputably clear." *Wisconsin Right to Life*, *Inc. v. Federal Election Com'n*, 542 U.S. 1305, 1306 (2004) (internal citations omitted). None of those statutes or rules cited by Plaintiff creates a right or a remedy that Plaintiff could exercise here. And his citation to the All Writs Act is unavailing because Plaintiff cannot establish that he has a clear legal right to the relief he seeks.

In fact, Plaintiff has no right to seek any kind of relief against Agnello or Valencia because neither one is a party to this action. The Court reminds Plaintiff that his Second Amended Complaint has been dismissed, and therefore he is currently not proceeding against anyone. Moreover, Plaintiff's problem with Agnello appears to be that Agnello refused to accept Plaintiff's "bond" in satisfaction of his filing fee obligation in the Seventh Circuit. The Seventh Circuit has issued a mandate on this point, and as the Court previously told Plaintiff, this Court has no authority to countermand mandates of the Seventh Circuit. *Gibbons v. Brandt*, 181 F.2d 650, 651 (7th Cir. 1950) ("The general rule is that where the merits of a case have once been decided upon an appeal, the lower court is without jurisdiction in the absence of authority from the reviewing court, to do other than proceed in accordance with the direction contained in the mandate.").

As Plaintiff has not articulated any valid legal grounds for his motions, and has attempted to seek monetary damages that he is not entitled to against those who are not parties to this action, the Court can only conclude that the motions are frivolous. Plaintiff has tried to file paperwork related to his "bond" on at least 3 occasions in this Court, and the Court has continually rejected it. More generally, Plaintiff's filings in this case show a clear pattern of frivolous conduct. Plaintiff failed to state a claim in this case, even after being given 3 attempts to do so. The Court closed his case more than 2.5 years ago, yet Plaintiff has continually filed motions since that time—11 in all. As the Seventh Circuit noted in *Franz v. United States Powerlifting Federation*, "[f]rivolous litigation injures the judicial system and other litigants, whose day in court is postponed as judges must devote time to needless motions and heedless litigants." 836 F.2d 1063, 1066 (7th Cir. 1987). Plaintiff's conduct has ensured that this Court

has had to continually devote resources to a case that has never successfully stated a federal claim. This raises an inference that Plaintiff proceeds only for illegitimate reasons.

The Court may sanction parties who present papers for improper purposes such as harassment. Fed. R. Civ. P. 11(b). Courts also have inherent powers to protect themselves from vexatious litigation. *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997); *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). The Court finds that Plaintiff's conduct in this case justifies an inquiry into the appropriateness of sanctions. Plaintiff shall be ordered to show cause why he should not be sanctioned with a monetary fine of $500, to be paid to the clerk of court, and a filing ban. Should Plaintiff fail to respond or merely attempt to reargue his case, then the $500 sanction will be imposed and Plaintiff will be barred from filing, with appropriate exceptions, any paper in this court until such time as the fine is paid.

### Disposition

Plaintiff's Motions are **DENIED**. (Doc. 71) (Doc. 72). Plaintiff shall **SHOW CAUSE** why he should not be sanctioned with a monetary fine and a filing ban for filing frivolous litigation. Plaintiff shall show cause no later than **August 23, 2017** (21 days from the date of this order).

**IT IS SO ORDERED.**

**DATED: August 2, 2017**

**s/ Michael J. Reagan**
**U.S. District Judge**
