# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY BRETT GREGORY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13−cv−1124−MJR |
| TONY CHAMNESS, JEFF BANEY, WEASEL BRADLEY, WENDY J. ROAL, AMBER L. NELSON, HARRELL WATTS, and HARLEY LAPPIN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Johnny Brett Gregory is currently incarcerated in La Tuna FCI. This matter is before the Court on the Court's order to Show Cause why Plaintiff should not be sanctioned, (Doc. 73), and Plaintiff's Response. (Doc. 74).

For the reasons set forth herein, Plaintiff will be sanctioned with a fine *and* a filing ban.

## Background

As described in the Court's Show Cause Order, Plaintiff originally filed this suit on October 31, 2013 against the Defendants in the case caption, all employees of United States Penitentiary Marion, where Plaintiff was previously incarcerated. (Doc. 1). On December 2, 2013, the Court dismissed some claims and granted Plaintiff leave to amend on others. (Doc. 11). Plaintiff filed an Amended Complaint on December 16, 2013, (Doc. 15), and also appealed the order dismissing the other claims. (Doc. 16). Plaintiff also filed a "Motion to take Judicial

1

Notice," which purported to underwrite this litigation with "this living principal's private exemption . . . all sums certain, and all obligations" in the amount of $32,000,000, apparently for satisfying the fee demanded by the appellate court. (Doc. 25). The 7th Circuit did not recognize Plaintiff's "bond" and denied his first appeal for failure to pay the filing fee on January 30, 2014. (Doc. 26). The Court dismissed the Amended Complaint on May 14, 2014, for failure to state a claim, but once again, granted Plaintiff leave to amend. (Doc. 31). That Order also denied Plaintiff's Motion to recognize the bond described in Doc. 25 on the grounds that the appeal was now moot. (Doc. 31). Plaintiff filed a Second Amended Complaint on May 30, 2014. (Doc. 32). He also filed a number of motions challenging the Court's earlier rulings. (Docs. 33-36). The Court dismissed the Second Amended Complaint, denied all pending motions, and entered judgment in this case on November 17, 2014. (Doc. 37).

Undaunted by the closure of this case, Plaintiff began filing a series of Motions to Reconsider, *see, e.g.,* Doc. 39, 41, 43, 46, 47, all of which the Court denied. (Doc. 40) (Doc. 42) (Doc. 48). Specifically, as to Doc. 47, which again raised the issue of the $32,000,000 bond, the Court noted that the bond was "self-created," found that its original denial of the motion seeking recognition of the bond was correct, and declined to revisit this issue. (Doc. 48, p. 3). The Court also specifically warned Plaintiff that if he continued to file frivolous motions, it would consider sanctions, including fines or civil contempt. *Id*. Plaintiff filed a Notice of Appeal on January 30, 2017. (Doc. 49). Despite the fact that the notice of appeal divested the Court of jurisdiction over matters related to this case, Plaintiff continued to file motions, including a Motion for Clarification, which was denied on February 10, 2017. (Doc. 56) (Doc. 57).

Plaintiff also filed another motion seeking recognition for his $32,000,000 bond, but the Court found that his motion was more properly filed in the appellate court and entered an order

directing the clerk to transfer the motion to the Seventh Circuit on March 1, 2017. (Doc. 63). On April 6, 2017, Plaintiff's appeal was denied for failure to pay the required docketing fee. (Doc. 69).

Far from being discouraged, Plaintiff continued to file motions in this closed case. On June 27, 2017, he filed a Motion "for all Writs Act Under § 1651(a), which claimed that Plaintiff was the beneficiary of an "irrevocable cetsui que trust." (Doc. 71, p. 1). The motion went on to allege that the undersigned is the acting trustee of the trust, and that Gino J. Agnello, the Clerk of the Court for the Seventh Circuit, is the grantor of the trust. (Doc. 71, pp. 1-2). The amount of the trust was $32,000,000; Plaintiff alleges that Agnello incurred an obligation to give him that amount when he refused to recognize Plaintiff's self-created $32,000,000 bond. (Doc. 71, pp. 3, 8-23). The Court denied this motion on August 2, 2017, finding that Plaintiff's theory that he was owed $32,000,000 was patently frivolous and completely unsupported by any legal theory, despite Plaintiff's citation to the All Writs Act. (Doc. 72, p. 4).

The Court also denied Plaintiff's July 14, 2017 Motion "Under the Federal Rules of Evidence/Declaratory Judgment," seeking money from the law librarian at his current institution on the grounds that she failed to notarize Plaintiff's motion at Doc. 71. (Doc. 72, p. 2) (Doc. 73). The Court also found that Plaintiff had no grounds for relief against Ms. Valencia. (Doc. 73, p. 5). The Court noted that Plaintiff had never filed a valid complaint naming either Agnello or Valencia as defendants, and thus they were not proper subjects of any request for relief. *Id*. Further, the Court noted that there was not currently a valid complaint on file in this case at this time. *Id.* Without a valid complaint, there is no action. The Court found that attempting to claim monetary relief against non-parties in a case without a complaint was frivolous, and directed Plaintiff to show cause why he should not be sanctioned. (Doc. 73, pp. 5-6).

Plaintiff filed a Response to the show cause order and a notice of appeal of that order on August 21, 2017. (Doc. 74) (Doc. 75). In his Response to the show cause order, Plaintiff takes issue with the Court's speculation that his repeated attempts to get his $32,000,000 bond recognized is based on sentient sovereign principles. (Doc. 74, p. 4). Plaintiff denies that he is a member of the sentient sovereign movement. *Id.* Plaintiff rejects the Court's conclusion that the All Writs Act does not give him legal standing to demand Agnello pay him $32,000,000. (Doc. 74, p. 5). The Response also continues to insist that this case created a valid trust with the undersigned as the trustee, and then goes on to allege that the undersigned is not performing his trustee duties, and has a conflict of interest. (Doc. 74, p. 5). Plaintiff also alleges that the undersigned is serving as a defense lawyer for Agnello and Valencia. *Id.* Plaintiff further states that he has served Agnello and Valencia, and that they have not responded, which means that they have acquiesced to his legal theories. (Doc. 74, p. 6). Finally, the Response states that Plaintiff will file a judicial misconduct complaint against the undersigned, which he did. (Doc. 74, p. 7). Plaintiff's judicial misconduct complaint was dismissed. In short, in response to the show cause order, Plaintiff completely ignored the Court's prior order telling him he has no claims against Agnello or Valencia, re-iterated arguments previously rejected, and threatened the undersigned.

Since filing his Response, Plaintiff has doubled down on his frivolous theories through motion practice, despite his appeal which divested this court of jurisdiction until December 13, 2017, when a mandate issued dismissing the appeal for failure to pay the filing fee. (Doc. 98). On September 11, 2017, Plaintiff filed a "Notice for Sanctions with a Monetary Amount and Cost," (Doc. 83), which seeks sanctions against non-parties J. Ruiz, the mail room supervisor at La Tuna and J.S. Willis, the warden. On November 7, 2017, Plaintiff filed a motion seeking

discovery against Agnello and Valencia. (Doc. 93). Plaintiff also filed a motion in which he alleges that the failure of Ruiz and Willis to respond to his motion (again, neither is a party to this action) means that he now has an enforceable order against them in the amount of $2,505 plus costs and .8% interest. (Doc. 97, p. 1).

Plaintiff has also filed multiple notices claiming to have a lien on some property in Georgia. Notably, in Doc. 89, p. 7, Plaintiff represents "IN WITNESS WHEREOF, by the parties hereto have executed this Agreement as of the date hereof, October 12, 2017. Attestation: By U.C.C. § 3-415, 3-419 by accommodation and UCC 3-401(b) and 1-201(39). Signed, private seal, and Delivered. (Deed of Trust)." Near the bottom of the page, Plaintiff has represented that the undersigned signed this document as an individual trustee. (Doc. 89, p. 7). The undersigned is not a trustee for Plaintiff and did not consent to permit the use of his electronic signature. The undersigned did not sign Doc. 89. It is a crime pursuant to 18 U.S.C. § 505 to forge the signature of any judge, punishable by a fine and imprisonment not to exceed 5 years. Plaintiff's representation that the undersigned signed Doc. 89 is a prosecutable offense, and may result in further prison time for Plaintiff.

## Show Cause Response and Issuance of Sanctions

In reviewing Plaintiff's Response (Doc. 74) to the Court's Order (Doc. 73), it is evident that Plaintiff does not take the Court's Show Cause Order seriously and has no regrets about his prior vexatious pleadings. Despite the fact that this case has been closed for more than 3 years, Plaintiff continues to file vexatious, frivolous, and harassing motions that waste the Court's time and resources. Plaintiff's Response gave absolutely no justification for his conduct. Most of the Response doubles down by repeating arguments that the Court previously rejected as frivolous.

And in case the Court didn't get the message, Plaintiff has driven his point home by continuing to file motions and other filings pushing his discredited and bogus theories against non-parties.

Just to be clear, there is currently no valid complaint in this action, and therefore, no valid request for relief. Without a complaint, Plaintiff is not entitled to relief. Plaintiff has also at no time properly named Agnello, Valencia, Ruiz, or Willis as defendants in this case. They are not parties before the Court. They have not been properly served. Plaintiff is not entitled to discovery, a default judgment, monetary damages, or any other relief against those individuals. Any assertion to the contrary is baseless and frivolous. Additionally, nothing Plaintiff has filed has created a valid trust or a lien on any real property. Any document stating to the contrary is frivolous.

Despite these truths, Plaintiff has continued to file motions claiming he is entitled to discovery, sanctions, or relief against the above individuals. He has done so after being told that they are not defendants in this case, and after he has wasted considerable court resources in continuing to file motions and other filings in this closed case. *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995). He has also forged the undersigned's signature in his attempt to get the Court to recognize a bogus lien he claims to be entitled to. Enough is enough. Plaintiff's pattern of conduct demonstrates that he has no compunction about filing meritless pleadings, divorced from any application or understanding of the law. His Response to the Show Cause Order convinces the Court that sanctions are necessary in order to prevent further frivolous and harassing filings in this Court. *See In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000); *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (finding that courts have inherent authority to protect themselves from vexatious litigation and imposing a $500 fine and entering a filing ban pursuant to *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

The Court is also persuaded that monetary sanctions alone are unlikely to deter future misconduct, especially given that so many of Plaintiff's frivolous filings revolve around his attempts to get frivolous bonds and liens recognized in order to pay his filing fees. Accordingly, Plaintiff will be sanctioned with a fine *and* a filing ban as set forth in the Disposition below.

### Disposition

**IT IS HEREBY ORDERED** that Johnny Brett Gregory is **SANCTIONED** with a **$500** fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Court will not accept bonds or liens as payment of this sanction; Plaintiff must use a method of payment currently accepted by the Clerk's Office. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid. This filing restriction does not extend to a Notice of Appeal from this Order (which shall result in the imposition of an additional $505.00 filing/docketing fee), to the filing of any Petition for a Writ of Habeas Corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Mack*, 45 F.3d 186; *Newlin*, 123 F.3d 429. In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that 2-year time period.

**IT IS SO ORDERED.**

**DATED: December 21, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**
